JOHANNA LAMBERT, Respondent, *v.* F. WM. GERTZEN
COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, June, 1920.)

**Insurance (marine) — *against war risk* — ships and shipping —
evidence — when complaint dismissed.**

> Where in November, 1919, plaintiff delivered a package of
> goods to defendant, a forwarding agent, for shipment to Ger-
> many, and defendant, having caused the plaintiff to be insured
> against ordinary marine hazards, put the package on a steam-
> ship which prior to December 8, 1919, was sunk near the
> Netherlands coast by coming in contact with a floating mine,
> and the defendant, a qualified expert, testifies that after the
> armistice shipping agents ceased to insure against war risks,
> a judgment in favor of plaintiff in an action brought upon the
> theory that the defendant should have had the shipment cov-
> ered against war risk will be reversed and the complaint dis-
> missed on the merits.

APPEAL by the defendant from a judgment of the
Municipal Court of the city of New York, borough of
Manhattan, seventh district, in favor of the plaintiff,
after trial by the court without a jury.

James A. Nolan, Jr., for appellant.

Lawrence H. Sanders (Stanley M. Lazarus, of
counsel), for respondent.

MULLAN, J. The plaintiff, desiring to send a pack-
age of goods to a person in Germany, delivered it, in
November, 1919, to the defendant, a forwarding agent,
for shipment. The latter shipped the package on the
steamer *Kerwood,* which, at some time prior to Decem-
ber 8, 1919, was sunk near the Netherlands coast by
coming into contact with a floating mine. The defend-
ant had caused the plaintiff to be insured against

ordinary marine hazards.  The action is brought upon the theory that the defendant should have had the shipment covered against war risks.  It seems to be in effect conceded, for the purpose of this appeal, that the policy obtained by the defendant did not cover against loss because of floating mines, whether or not that is properly to be deemed a war risk.  The most that can be said of plaintiff's version of the shipping agreement was that defendant was to do all customary things in connection with the shipment to insure the shipper's reasonable protection.  The defendant, clearly a qualified expert, testified that after the armistice shipping agents ceased to insure against war risks, and there was no attempt to rebut or impugn his testimony, which is convincing on its face.  It follows, we think, that the defendant did all that he was required to do.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

Bijur and Wagner, JJ., concur.

Judgment reversed, with thirty dollars costs.